## WICHITA FALLS & N. W. R. CO. v. OVERSTREET & DOCKTER.

No. 8955.—Opinion Filed July 22, 1919.

(Syllabus by the Court.)

### Trial—Discharge of Jury.

Judgment of the trial court reversed and cause remanded for a new trial upon the authority of No. 8954, Wichita Falls & Northwestern Ry. Co. v. Overstreet & Dockter, a partnership composed of H. Overstreet and J. S. Dockter, this day handed down, ante, p. ___.

Error from District Court, Harper County; W. C. Crow, Judge.

Action by Overstreet & Dockster, a partnership composed of H. Overstreet and J. S. Dockster, against the Wichita Falls & N. W. R. Co. Judgment for plaintiff, and defendant brings error. Reversed and remanded with directions.

C. C. Huff, E. J. Dick, M. W. McKenzie, and W. C. Lewis, for plaintiff in error.

D. P. Parker, for defendant in error.

KANE, J. This was an action for damages for loss of wheat while in transit, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. The bill of particulars consisted of twelve paragraphs. On judgment being rendered in favor of the plaintiff by a justice of the peace, the defendant appealed to the district court, where the cause was consolidated with No. 8954, resulting in a judgment in favor of the plaintiff.

Counsel for defendant state their grounds for reversal in their brief as follows:

"These causes of action are similar to causes of action set out in case No. 8954, this day submitted to the court, and we submit that the errors of the court set out in the abstract of that case, No. 8954, the statement of facts and authorities there cited involves the same propositions in this case by reason of the fact that said causes were submitted to the same jury as set forth

in case No. 8954 in this court and the same action was there taken in these matters. We therefore deem it unnecessary to encumber the record by setting out in detail the abstract of the record, statement of the facts and the authorities there cited because so far as the legal questions are concerned the same propositions of law are involved, and by agreement we submit this case upon the issues in case No. 8954 in this court."

As in an opinion handed down this day, we reversed the judgment in cause No. 8954, it follows that the judgment entered in this cause must also be reversed and remanded upon the authority of the latter case.

SHARP, HARRISON, JOHNSON, and McNEILL, JJ., concur.